IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Aquil Martin, | Civil Action Number: |
| Plaintiff, | |
| v. | COMPLAINT |
| Trans Union LLC | |
| Defendant. | JURY TRIAL DEMANDED |

**FILED**
Statesville, NC

APR 14 2025

Clerk, US District Court
Western District of NC

## INTRODUCTION

1. Plaintiff Aquil Martin, consumer & natural personal brings this action against Trans Union LLC, for willful non-compliance violation(s) of the Fair Credit Reporting Act (FCRA) 15 U.S. Code § 1681 that requires the accuracy, fairness, and privacy of information in the files of all consumers.

2. Plaintiff seeks to recover monetary damages from Consumer Reporting Agency, Trans Union LLC, for violations of the "FCRA" specifically 15 U.S. Code § 1681i

## JURISDICTION & VENUE

3. This court has subject matter jurisdiction over this matter pursuant to 28 U.S. Code § 1331, presenting federal questions, & 15 U.S. Code § 1681p which provides district courts with jurisdiction over civil actions arising under the U.S. Constitution.

4. This Court has personal jurisdiction over the defendant & venue is proper pursuant to 28 U.S. Code § 1391(b) because the defendant resides & conducts business in this district.

## PARTIES

5. Plaintiff, Aquil Martin is a natural personal who resides in North Carolina.

6. Plaintiff is a natural consumer as defined by the FCRA 15 U.S. Code § 1681a(c).

7. Trans Union LLC is a consumer reporting agency that regularly engages in whole or in part of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

8. On December 08, 2024 Plaintiff Aquil Martin filed a dispute through the Consumer Financial Protection Bureau against Trans Union LLC, for an alleged inaccurate late payment reporting onto his credit report.

9. Trans Union LLC received the dispute on December 08, 2024 and had 30 days mandated by the FCRA to conduct a reinvestigation into this dispute.

1

10. Trans Union LLC failed to conduct a reasonable reinvestigation in 30 days or less mandated by the FCRA.
11. The disputed item on Plaintiff's credit report relates to a revolving credit card with first premier bank that contains materially inaccurate information.
12. Trans Union LLC utilized, if any, only a template response to Plaintiff's dispute rather than conducting the reasonable reinvestigation required by law.
13. Trans Union LLC failed to provide Plaintiff with the actual investigation details, providing if any, a template autogenerated response via the CFBP that did not demonstrate any substantive investigation into the dispute.
14. As a direct result of Defendant's failure to conduct a reasonable reinvestigation and correct the inaccurate information, Plaintiff has suffered concrete and particularized harm, constituting an injury in fact under Article III of the Constitution, in the following ways:
    a. Plaintiff was denied credit applications with financial institutions due to the inaccurate information on his credit report that Trans Union failed to correct despite proper notice;
    b. Plaintiff experienced emotional distress, including anxiety and depression, as a result of Trans Union failing to modify or delete the erroneous inaccuracy on his credit report.
    c. Plaintiff suffered damage to his reputation with creditors;
15. As a result of the Defendant failing to stay in compliance with provisions under 15 U.S.C. § 1681i, Plaintiff is seeking monetary compensation for defendants misconduct of the FCRA.

**COUNT I - Willful Non-Compliance**

16. Plaintiff re-alleges the foregoing jurisdictional allegations & factual allegations.
17. Defendant willfully failed to comply with the responsibilities under the FCRA specifically 15 U.S. Code § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in plaintiff's credit report and failing to comply with its re-investigation responsibilities found at 15 U.S. Code § 1681(i).
18. Defendant's template-based investigation, if any conducted, demonstrates a pattern and practice of conducting perfunctory investigations rather than the reasonable investigations required by law. This automated approach fails to consider the specific facts and circumstances of each dispute, as evidenced by:
    a. Failure to contact the original furnisher of information with all relevant dispute information;

2

b. Failure to provide all relevant information submitted by Plaintiff in his dispute;
   c. Reliance on automated verification systems without substantive review of the specific disputed items.
19. As a result of defendants willful failure to comply with mandated FCRA requirements, plaintiff fears initiating any further disputes and suffers emotional distress when viewing his credit report, entitling him to statutory damages as a result of these FCRA violations and reimbursement of reasonable attorney fees under 15 U.S. Code § 1681(n).

## COUNT II - FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY

20. Plaintiff re-alleges the foregoing jurisdictional allegations & factual allegations.
21. Defendant negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:
    a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff;
    b. Failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate;
    c. Failing to review and consider all relevant information submitted by the Plaintiff in his dispute;
    d. Failing to delete information that was found to be inaccurate, could not be verified, or was incomplete.
22. As a result of Defendant's willful noncompliance to comply with the requirements imposed under the FCRA, Plaintiff suffered actual damages as detailed above, entitling him to recover damages pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS this court grants him judgment against Defendant, Trans Union LLC, for:

1. Actual damages including but not limited to:
   ◦ Financial losses from credit denials
   ◦ Costs of counseling for emotional distress
   ◦ Expenses incurred in addressing the credit reporting issues
2. Punitive damages in an amount to be determined by the jury due to the Defendant's willful noncompliance with the FCRA;
3. All costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n

4. Such other and further relief as the Court may deem reasonable and just under the circumstances.

Pursuant to 28 U.S. Code § 1746, I verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 14th, 2025.

*Aquil Martin*

Respectfully Submitted,
/s/ Aquil Martin
Aquil Martin
Plaintiff
martinaquil09(@gmail.com

4