UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

AQUIL MARTIN,

    Plaintiff,

v.

TRANS UNION LLC,

    Defendant.

Case No. 5:25-cv-00053-KDB-DCK

## MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Trans Union LLC ("Trans Union"), consumer reporting agency, by counsel, submits its Memorandum in Reply ("Reply") to Plaintiff's Opposition ("Opposition") of Trans Union's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). In support of this Motion, Trans Union hereby submits the following:

The Motion should be granted in this case where pro se Plaintiff claims Trans Union violated the Fair Credit Reporting Act ("FCRA") because:

A. Plaintiff admits that he did not make payment on his credit obligation, and Trans Union's reporting is therefore accurate; and

B. Plaintiff admits that he only sent dispute to the CFPB and did not send a direct dispute to Trans Union.

### I.     INTRODUCTION

On April 4, 2025, Plaintiff filed a Complaint against Trans Union claiming violations of the FCRA due to the reporting of an unspecified First Premier Bank account. Complaint, Dkt. No. 1. Plaintiff filed his Amended Complaint, alleging that Trans Union failed to respond to a CFPB complaint within 30 days. Amended Complaint, Dkt. No. 2.

1
8031693.1

On May 12, 2025, Trans Union filed a motion to dismiss Plaintiff's Amended Complaint, because Plaintiff failed to allege an inaccuracy in Trans Union's reporting, and because Plaintiff failed to allege that he sent a direct dispute to Trans Union, instead of to the third-party CFPB. Dkt. Nos. 6-7. On June 11, 2025, Plaintiff filed his Opposition. Dkt. No. 16.

Trans Union now replies, as Plaintiff admits in his Opposition that both Trans Union's reporting was accurate, and Plaintiff did not send Trans Union a direct dispute.

## II. ARGUMENT

### A. PLAINTIFF ADMITS THAT HE DID NOT MAKE PAYMENT ON HIS CREDIT OBLIGATION, AND TRANS UNION'S REPORTING IS THEREFORE ACCURATE

Both parties agree that Plaintiff must show inaccuracy as a threshold matter. *See* Opposition, Dkt. No. 16, at 4, ¶ 8 (citing *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 415 (4th Cir. 2001). Thus, accuracy is a complete defense to FCRA claims. *Id.*

In his Opposition, Plaintiff clarifies his pleading, specifying that his claim relates to a single late payment from November 2021 on his First Premier Bank tradeline. Opposition, Dkt. No. 16, ¶¶ 4-5, 7-8. Plaintiff further admits that he did not make that payment when it was due. *Id.*, at ¶ 4 ("Plaintiff never received the billing statement that month…for a payment he never knew was due…"). Plaintiff instead blames First Premier for his failure to make payment. *Id.* ("any delinquency was attributable to the creditor's failure to send a timely statement"); *see also id.*, at ¶ 5 ("Plaintiff was not truly at fault for any late payment").

These type of "accurate, but not my fault" allegations do not state a claim under the FCRA. *Walker v. Experian Info. Sols., Inc.*, Case No. 1:23-cv-05027-LMM, 2025 U.S. Dist. LEXIS 57966 (N.D. Ga. Mar. 19, 2025) (dismissing plaintiff's FCRA claims against CRA defendants holding the furnisher's mailing of the statements to the alternate address did not change the lateness of the

payments and therefore finding no inaccuracy in the CRAs' reporting). Said another way, consumer reporting agencies are not liable where a plaintiff alleges a third party is at fault for accurate, negative reporting. *See Jianqing Wu v. Trans Union*, No. CIVA AW-03-1290, 2006 U.S. Dist. LEXIS 96712, 2006 WL 4729755, at *4 (D. Md. May 2, 2006), *aff'd sub nom. Jianqing Wu v. Equifax*, 219 F. App'x 320 (4th Cir. 2007).[1]

The allegations that Plaintiff makes in the instant case are on all fours with the facts of the recently decided *Walker*. 2025 U.S. Dist. LEXIS 57966 (N.D. Ga. Mar. 19, 2025). The plaintiff in *Walker* alleged that the furnisher creditor sent account statements to the wrong address, and he did

---

[1] District courts throughout the nation find the same. *Hom v. TransUnion, LLC*, No. 23-CV-81513-ROSENBERG, 2024 U.S. Dist. LEXIS 145524, at *4 (S.D. Fla. Aug. 15, 2024) ("[C]ourts across the country have routinely refused to find that the FCRA can be violated when a defendant reports accurate credit information without additional, contextual information demanded by the plaintiff."); *Tuttobene v. Trans Union, LLC*, No. 219CV01999APGNJK, 2021 U.S. Dist. LEXIS 101472, 2021 WL 2188232, at *2 (D. Nev. May 28, 2021) (holding no inaccuracy in reporting late payments where mortgagee bank electronically rejected mortgage payment due to incorrect account number and that "[a credit reporting agency] thus does not violate § 1681i(a) by accurately reporting a late payment even if the consumer has a good explanation for why the payment was late."); *Braun v. Trans Union LLC*, No. CV 19-06098-CJC(SKX), 2019 U.S. Dist. LEXIS 240171, 2019 WL 13083348, at *3 (C.D. Cal. Oct. 10, 2019) (finding reporting of a plaintiff's late payment caused by a third-party furnisher's error was not misleading because "[p]laintiff's payment was unquestionably late; she merely disputes that the lateness was not her fault. This is not sufficient to plead a 'materially misleading' statement on her credit report"); *see Bray v. TransUnion, LLC*, No. 2:23-CV-197-Z-BR, 2024 U.S. Dist. LEXIS 163388, at *13 (N.D. Tex. Sep. 11, 2024) (holding that reporting was accurate despite the plaintiff's allegations that lateness was the bank's fault due to autopay failure); *Boothe v. Equifax Info. Servs. LLC*, Civil Action No. 3:21-CV-1766-D, 2021 U.S. Dist. LEXIS 229668, at *11 (N.D. Tex. Dec. 1, 2021) (holding factually correct reporting is not actionable, regardless of consumer's subjective beliefs); *Arniella v. Trans Union, LLC*, No. 21-CV-23694-DLG, 2022 U.S. Dist. LEXIS 117145, at *5 (S.D. Fla. June 1, 2022) (holding suit against the consumer reporting agencies does not implicate accuracy and is instead a collateral attack on plaintiff issues with third party bank autopay system); *see Silva v. Experian Information Solutions*, Case No. 6:23-cv-2101-CEM-UAM, Dkt. No. 99 (M.D. Fla. March 21, 2025); *see Silber v. TransUnion, LLC*, No. 23-cv-07182 (NSR) (JCM), 2025 U.S. Dist. LEXIS 34847 (S.D.N.Y. Feb. 24, 2025); *Spira v. TransUnion, LLC*, No. 23-CV-4319 (NSR), 2024 WL 2221662, at *4 (S.D.N.Y. May 16, 2024) ("Plaintiff's debt unquestionably existed as reported on his credit report and it unquestionably went unpaid. Therefore, Plaintiff's FCRA claim must be dismissed for failure to plead the existence of an inaccuracy."); *Llewellyn v. Carrington Mortg. Servs., LLC*, No. 21-00850-CV-W-GAF, 2022 WL 22902518, at *2–5 (W.D. Mo. Apr. 29, 2022) (finding that the credit report was not materially misleading in reporting late payments even though the fault for the late payment was alleged to be on the lender and discussing similar cases); *Paul v. Experian Info. Sols., Inc.*, 793 F. Supp. 2d 1098, 1102 (D. Minn. 2011) (determining that the report of a delinquent payment was not misleading where the delinquency was allegedly caused by the plaintiff's bank's mistake); *Badwan v. Wells Fargo Bank, NA*, No. 21 C 4666, 2022 WL 1092240, at *3 (N.D.Ill. Apr. 12, 2022) (noting in the context of a claim against a furnisher that "a creditor's failure to inform CRAs of the reason a debtor claims he failed to pay a valid debt is not the sort of omission that renders otherwise accurate information about plaintiff's payment history incomplete or materially misleading."); *Jones v. Experian Information Solutions, Inc.*, Case No. 1:24-cv-05619, Dkt. No. 39 (N.D. Ill. March 14, 2025) (reporting non-payment of a debt due to autopay failure is not an inaccuracy).

3

not receive them. *Id*., at *2. Walker (like the instant Plaintiff) argued that reporting the late payments was misleading, because his late payment was not his fault. *Id*.

The *Walker* Court found that reporting the late payments was objectively accurate, and Plaintiff's failure to receive statements did not change the fact that payments were late, as Plaintiff "was ultimately still obligated to make timely payments." *Id*., at *9. Further, the Court found that Plaintiff had "not alleged an actionable inaccuracy" and the CRA Defendants were "under no obligation to include explanatory or mitigating facts to show why the late payments were made." *Id*. at *9, 10-11.

Therefore, because Plaintiff admits that his payment was late and only claims that the late payment was not his fault, Trans Union's reporting was accurate. Plaintiff has not alleged an inaccuracy as required by the FCRA, and Plaintiff's Amended Complaint should be dismissed for this reason alone.

### B. PLAINTIFF ADMITS THAT HE ONLY SENT DISPUTE TO THE CFPB AND DID NOT SEND A DIRECT DISPUTE TO TRANS UNION.

In its motion, Trans Union noted that the plain text of the FCRA, congressional intent, regulatory guidance, and case law all agree that liability under § 1681i is premised upon a direct dispute from the consumer. *See* Motion, Dkt. No. 7, at 4-6. Trans Union further noted that Plaintiff does not allege a direct dispute to Trans Union and instead alleges only sending a dispute to the CFPB. *Id.*, at 6; Amended Complaint, Dkt. No 2, ¶ 8.

In his Opposition, Plaintiff continually admits that he submitted his dispute to the CFPB, a third party, and not Trans Union directly. Dkt. No. 16, ¶¶ 9-13.; *accord* Amended Complaint, Dkt. No 2.

Plaintiff instead argues that informing the CFPB of his complaint is *effectively* (though not technically) the same as sending a dispute directly to Trans Union. *See* Opposition, Dkt. No.

16, ¶¶ 9-11 (submitting a dispute to the CFPB, "rather than by writing or calling Trans Union" is "a technical distinction…"). *Saunders*, upon which Plaintiff primarily relies, does not support this proposition, as "Saunders contacted the CRAs (including Trans Union), lodging a dispute…" directly. *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 146 (4th Cir. 2008). *Saunders* does not mention the CFPB or sending a dispute to a third-party creating liability under the FCRA. Plaintiff offers no other authority to support his contention that contacting the CFPB, rather than Trans Union directly, is enough to trigger liability under § 1681i.

Liability under § 1681i(a) is premised upon a direct dispute from the consumer – not from a regulator. *See* Motion, Dkt. No. 7, at 6-7. Though it may not seem like it to Plaintiff, contacting Trans Union directly is different than contacting Trans Union's regulator and implicates different considerations and responsibilities for Trans Union. Whether or not Trans Union chose to treat the dispute that it received from the CFPB with deference and perform a re-investigation is immaterial to whether it was required to do so under the FCRA as a matter of law.

Because Plaintiff admits that he did not send a direct dispute to Trans Union to trigger possible liability under § 1681i and instead alleges that he sent dispute only to a third-party regulator, Plaintiff still has not stated a claim for which relief may be granted against Trans Union, and Plaintiff's Amended Complaint should be dismissed.

### III. <u>CONCLUSION</u>

For all the foregoing reasons, the Defendant respectfully requests that the Court grant the Defendant's Motion, dismiss Plaintiff's Complaint against Trans Union in its entirety, with prejudice, and award the Defendant fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

DATE:  June 12, 2025.	Respectfully submitted,

*/s/ Marc F. Kirkland*
Marc F. Kirkland
N.C. State Bar No. 60678
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5454
(214) 871-2111 Fax
mkirkland@qslwm.com
***Counsel for Trans Union LLC***

## CERTIFICATE OF SERVICE

I hereby certify on this 12th day of June 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing document was served on the following parties via U.S. First Class Mail and properly addressed as follows:

Aquil Martin
603 S. Race St.
Statesville, NC 28677
***Pro Se Plaintiff***

*/s/ Marc F. Kirkland*
**MARC F. KIRKLAND**